The document below is hereby signed.

Signed: December 19, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES EX REL. | ) | |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10043 |
| FEDERAL INSURANCE COMPANY as | ) | |
| Surety Bond for the Chapter | ) | |
| 7 Trustee in his Official | ) | |
| Capacity, | ) | Not for Publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

AMENDED MEMORANDUM DECISION
REGARDING DISMISSING THIS ADVERSARY PROCEEDING

This adversary proceeding must be dismissed for the following reasons.

I

On August 6, 2014, the Honorable Christopher R. Cooper of the District Court issued an *Opinion and Order* entered in *Stephen Thomas Yelverton v. Wendell W. Webster*, et al. (In Re Yelverton),

Case No. 1:13-cv-1544, reported at 2014 WL 3850052, that included an injunctive provision that was designed to prevent the plaintiff Yelverton from filing civil proceedings, like this one, without having first obtained permission of the District Court. After reviewing Yelverton's filings in many courts, including this court, the District Court concluded:

> In sum, the record amply demonstrates that a pre-filing injunction is warranted in light of Yelverton's long history of vexatious and harassing filings. He has clogged the court system with frivolous filings and has abused the judicial process.

*Opinion and Order* at 9. Accordingly, the District Court directed that it was:

> ORDERED that Appellant shall seek leave of this Court before filing any new civil action in this Court by filing a separate motion for leave to file, not to exceed three pages. In seeking leave to file any new complaint, the plaintiff must explain what new matters are raised to warrant the filing of a new complaint.

Because this bankruptcy court acts as a unit of the District Court, and because the jurisdiction this bankruptcy court exercises is that of the District Court over civil proceedings in bankruptcy cases, it follows that the *Opinion and Order* requiring leave to file any new civil action in the District Court applies to this adversary proceeding.[1]

---

[1] At a hearing of December 16, 2014, in *Yelverton v. District of Columbia*, Adversary Proceeding Number 14-10046, I requested Yelverton to explain how that adversary proceeding, filed after the issuance of the District Court's *Opinion and Order* was not barred by that *Opinion and Order*. He gave no satisfactory explanation.

2

This conclusion follows inexorably from an examination of the statutes governing the authority of bankruptcy judges to hear civil proceedings.  Under 28 U.S.C. § 151, this bankruptcy court is "a unit of the district court," and the only proceedings this bankruptcy court hears are civil proceedings within the bankruptcy subject matter jurisdiction of the district court under 28 U.S.C. § 1334(b),[2] and referred to it by the district court under 28 U.S.C. § 157(a)[3] and District Court Local Bankruptcy Rule (DCt.LBR) 5001-1.  Therefore, the bankruptcy court hears proceedings that, if there were no bankruptcy court, would be heard in the District Court as civil actions; and by express statutory provision, the bankruptcy court hears them **as a unit of the District Court**.  The "adversary proceeding" label the civil action carries in the bankruptcy court is of no import, as it merely distinguishes the civil action from a "contested matter" (the other category of civil proceedings tried in the

---

[2] 28 U.S.C. § 1334(b) provides, with exceptions of no relevance here, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

[3] 28 U.S.C. § 157(a) provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

3

bankruptcy court, and as to which less formal procedures apply).[4]

Moreover, one way or the other, this adversary proceeding is likely ultimately to end up in the District Court and to be assigned a civil action number there:

- A proceeding referred to the bankruptcy court may be withdrawn by the District Court under 28 U.S.C. § 157(d) and DCt.LBR 5011-2; and upon the proceeding being withdrawn, it is assigned a civil action number.[5]

- In addition, Yelverton has sought a jury trial, and unless both parties consented to a jury trial in this court, 28 U.S.C. § 157(e) would require that any such jury trial be conducted in the District Court (where the matter would be assigned a civil action number).

- If an appeal ensues from this court, the appeal would

---

[4] In this instance, Federal Rule of Bankruptcy Procedure 7001 required that the civil proceeding be treated as an adversary proceeding in which the bulk of the Federal Rules of Civil Procedure applicable to a civil action are made applicable (including the requirement of filing a complaint).  In other words, an adversary proceeding is the analog of a civil action in the District Court.  In contrast, contested matters are governed by Federal Rule of Bankruptcy Procedure 9014 (which, for example, dispenses with the requirement of filing a complaint).  A contested matter is a civil proceeding, but is generally not viewed as the equivalent of a civil action with all of the pleading requirements a civil action entails.

[5] DCt.LBR 5011-2(f) directs that "if [a] matter is withdrawn it shall be assigned to a District Judge in accordance with this court's usual system for assigning **civil cases**, unless the Chief Judge determines that exceptional circumstances warrant special assignment to a District Judge." [Emphasis added.]

>    be assigned a civil action number in the District Court.
>
> •  Similarly, if the matter is a proceeding as to which the bankruptcy court would be required to submit proposed findings of fact and conclusions of law to the District Court under 28 U.S.C. § 157(c)(1), the de novo review proceeding in the District Court would be assigned a civil action number.[6]

The District Court's *Opinion and Order* entered on August 6, 2014, in *Stephen Thomas Yelverton v. Wendell W. Webster*, *et al. (In Re Yelverton),* Case No. 1:13-cv-1544, was intended to guard against that court's being clogged with further frivolous civil actions filed by Yelverton.  It would make no sense for the District Court's *Opinion and Order* to be interpreted as permitting the filing of a complaint commencing a civil proceeding in this court without the necessity of obtaining leave from the District Court when the bankruptcy court is acting as a unit of the District Court in hearing the civil proceeding.

   Although the *Opinion and Order* may be ambiguous, such that Yelverton may not be in civil contempt for having commenced this adversary proceeding without leave of the District Court, I can

---

   [6] DCt.LBR 9033-1(b) directs that "the matter under review shall be assigned to a District Judge in accordance with this Court's usual system for assigning **civil cases**." [Emphasis added.]

5

only conclude that the *Opinion and Order* was intended to apply to adversary proceedings filed in this court.  Because Yelverton was required to obtain leave from the District Court before filing this adversary proceeding, this adversary proceeding must be dismissed based on his failure to have obtained such leave.

II

This adversary proceeding is a classic example of the type of frivolous proceedings that the District Court's *Opinion and Order* was designed to prevent.  In his amended complaint, Yelverton complains of acts of the office of the United States Trustee.  The United States Trustee is an official within the United States Department Of Justice, responsible for, among other things, appointing panel trustees like the chapter 7 trustee in this case.  *See* 28 U.S.C. § 586(a)(1).  Yelverton complains that the office of United States Trustee submitted erroneous information to him regarding the identity of the surety for Wendell W. Webster, who has acted as the chapter 7 trustee in Yelverton's bankruptcy case.  In that regard, Yelverton alleges that the United States Trustee acted "as the Agent for its Principal, the Chapter 7 Trustee in his Official Capacity, for purposes of the Surety Bond with Federal Insurance Company" (Am. Compl. ¶ 24), and in that agency capacity:

> acted on behalf of and for the benefit of Webster in his Official Capacity to BREACH FIDUCIARY DUTIES of "loyalty," "full disclosure," and "good faith," to the Debtor and Creditors by providing false and misleading

6

> information to the Debtor as to the name and address of the Surety Bond in order to thwart the Debtor from making timely Service of Process of the Summons and Complaint on the Surety Bond in Adversary Proceeding No. 14-10014, and thus to prevent Indemnification to the Surety Bond, and further committed the Tort of FRAUDULENT CONCEALMENT of the name and address of the Surety Bond and the Tort of FRAUDULENT MISPRESENTATION and/or CONSTRUCTIVE FRAUD in falsely providing the name and address of the Surety Bond.

*Id.* Similarly, Yelverton alleges that

> the alleged misconduct is by the Office of United States Trustee acting as Agent for its Principal, Wendell W. Webster, in his Official Capacity, for purposes of to the Surety Bond, and thus the Chapter 7 Trustee in his Official Capacity is vicariously liable for the acts of its Agent, the Office of United States Trustee, with the Surety Bond guaranteeing the faithful performance of official duties by the Chapter 7 Trustee.

Am. Compl. ¶ 25. The remedies that Yelverton seeks are truly bizarre:

> 26. The Debtor DEMANDS the Remedy of Restitution from the Chapter 7 Trustee in his Official Capacity of any and all legal fees and expenses that are found to be owed to the Trustee directly or indirectly from the Estate for acting as Trustee in Bankruptcy Case No. 09-00414, and are to be returned to the Estate for the benefit of Creditors. See, McGuirl v. White, 86 F.3d 1232, 1236 (D.C. Cir. 1996).
>
> 27. The Debtor DEMANDS Punitive Damages of at least three times the amount of the Restitution the Chapter 7 Trustee in his Official Capacity is found to be required to return or to be owed to the Estate, and such amount is to be paid for benefit of Creditors.

Am. Compl. ¶¶ 26 and 27. As the defendant noted in seeking dismissal of the original complaint, "Debtor acknowledges . . . that his claim is based upon the alleged misconduct of the United States Trustee. Nonetheless, he has failed to demonstrate any

7

grounds for liability on the part of the Trustee's surety." The amended complaint suffers from the same defect.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails if it tenders naked assertions devoid of further factual enhancements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also In re IAC/InterActiveCorp Secs. Litig.*, 478 F. Supp. 2d 574, 585 (S.D.N.Y. 2007) (the court will not credit conclusory statements unsupported by factual allegations or legal conclusions presented as factual allegations).

Yelverton's allegations of an agency relationship are merely conclusory allegations unsupported by well pled facts, and he has failed to allege any facts establishing a ground for liability on the part of the Trustee's surety based on alleged misconduct of the United States Trustee. Accordingly, the most recent amended complaint fails to state a claim upon which relief can be granted. Moreover, Yelverton already unsuccessfully sued Webster and his surety in *Yelverton v. Webster, et al. (In re Yelverton)*,

Adversary Proceeding No. 14-10014, in this court with respect to Webster's having entered into a settlement with Yelverton's sisters regarding the only significant asset in Yelverton's bankruptcy case. This new adversary proceeding has the air of vexatious and harassing filings that the District Court's *Opinion and Order* found Yelverton has pursued in the past. This adversary proceeding is precisely the type of civil proceeding that the District Court's *Opinion and Order* was designed to prevent from being filed.

### III

An order follows dismissing this adversary proceeding for failure of Yelverton to have obtained leave from the District Court to file the complaint commencing the proceeding.

[Signed and dated above.]

Copies to: All counsel of record.