The document below is hereby signed.

Signed: February 4, 2015



_S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES EX REL. | ) | |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10043 |
| FEDERAL INSURANCE COMPANY as | ) | |
| Surety Bond for the Chapter | ) | Not for publication in |
| 7 Trustee in his Official | ) | West's Bankruptcy Reporter |
| Capacity, | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO ALTER OR AMEND PER FRCP, 59(e)

The plaintiff Yelverton's *Motion to Alter or Amend Decision*

*Per FRCP, Rule 59(e)* (Dkt. No. 18) must be denied for the

following reasons.

I

In dismissing this adversary proceeding, I held that

Yelverton had failed to obtain permission to pursue the

proceeding as required by the *Opinion and Order* entered on August

6, 2014, in *Stephen Thomas Yelverton v. Wendell W. Webster*, *et*

*al. (In Re Yelverton),* Case No. 1:13-cv-1544, reported at 2014 WL

3850052.   This court, by statute, is a unit of the District

Court, and exercises the bankruptcy subject matter jurisdiction

of the District Court.   I adhere to my interpretation of the

District Court's *Opinion and Order*, requiring pre-filing

authorization, as extending to adversary proceeding complaints

filed by Yelverton in this court.[1]

II

In any event, if Yelverton was not barred from filing the

complaint, it would have to be dismissed for failing to state a

claim upon which relief can be granted (as discussed in the prior

decision regarding dismissing the proceeding).   As the defendant

notes:

> the Debtor has failed to demonstrate how his complaint in
> this action alleges sufficient grounds for relief against

---

[1]   If Yelverton had moved this court to permit the filing of
the complaint, the motion would have been deemed referred to this
court to address in the first instance pursuant to District Court
Local Bankruptcy Rule 5011-1, and I would have denied the request
(or recommended to the District Court that it be denied if Fed.
R. Bankr. P. 9033 were determined to be applicable) because the
proceeding is precisely the type of frivolous proceeding the
District Court's order was intended to prevent being filed.

the Trustee's surety.   Even if accepted as true, the
conclusory allegations of misconduct on the part of the
Office of the United States Trustee in no way constitute
grounds for an action against the Trustee's surety.  The
Debtor's allegations against the United States Trustee
lack factual support and the Trustee's surety does not
insure against losses for the actions of the United
States Trustee.

Opposition at 2-3.  The defendant, as Yelverton correctly states

in his complaint, is the surety bond for Wendell W. Webster, the

chapter 7 case trustee in Yelverton's main bankruptcy case.

However, as Yelverton apparently misapprehends, the chapter 7

case trustee is not the same entity as the United States

Trustee.[2]  The chapter 7 case trustee's surety does not act as

surety for the United States Trustee.  The United States Trustee

for the region that includes this district is Judy A. Robbins,

not Webster, and Robbins's conduct (and the conduct of her

employees) is not covered by the bond.  Therefore, Yelverton's

allegations of misconduct by the United States Trustee's office

do not constitute grounds for an action against the case

_____

[2]  Pursuant to 28 U.S.C. § 586(a), the United States Trustee
maintains and supervises a panel of "private trustees" to serve
as trustees in chapter 7 cases.  Webster is on the panel of
private chapter 7 case trustees in this district, and the United
States Trustee appointed Webster to be the interim trustee in
this case under 11 U.S.C. § 701.  When no trustee was elected at
the meeting of creditors, Webster continued to serve as the
trustee in the case.  11 U.S.C. § 702(d).  Each chapter 7 case
trustee is required to post a surety bond conditioned on the
faithful performance of the case trustee's duties.  11 U.S.C. §
322(a).  The bond posted by the chapter 7 case trustee relates
only to that case trustee and not to the United States Trustee, a
separate entity.

3

trustee's surety.

III

It is thus

ORDERED that the plaintiff's *Motion to Alter or Amend Decision Per FRCP, Rule 59(e)* (Dkt. No. 18) is DENIED.  It is further

ORDERED that if the bankruptcy court was not authorized to decide the *Motion to Alter or Amend Decision Per FRCP, Rule 59(e)* (Dkt. No. 18), this decision constitutes the bankruptcy court's proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1) regarding that motion.

[Signed and dated above.]

Copies to: All counsel of record.